UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEBRADRE D. JACKSON,

                    Plaintiff,

v.                                               Case No. 16-cv-1584-pp

ROBIN DIEBOLD, *et al.*,

                    Defendants.

---

**DECISION AND ORDER DENYING THE PLAINTIFF'S MOTION
TO APPOINT COUNSEL (DKT. NO. 23)**

---

The plaintiff has filed a motion asking the court to appoint counsel. Dkt. No. 23. He explains that he needs help getting photographs of prison common areas, "un-redacted documents" and depositions. Id.

In a civil case, the court has discretion to recruit a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013). However, the litigant must first make reasonable efforts to hire private counsel on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). A plaintiff can satisfy this requirement if he has contacted at least three attorneys (and been turned down), by providing the court with: (1) the attorneys' names, (2) the addresses, (3) the date and way the plaintiff attempted to contact them, and (4) the attorneys' responses.

Once the plaintiff makes reasonable attempts to hire counsel, the court decides "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar,

718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). The court looks not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id. "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

The court is satisfied that the plaintiff made reasonable attempts to secure counsel on his own. See Dkt. No. 23-1. It will not, however, appoint counsel at this time. The plaintiff cited relevant law and facts in his complaint. His motion to compel sought the type of documents he needs to prove his case. The court can understand his pleadings, and he is able to communicate what he wants clearly. Based on the plaintiff's filings so far, the court has no reason to believe that the plaintiff is unable to coherently present his case.

If the plaintiff seeks photographs and additional documents, he can use Federal Rule of Civil Procedure 34 to request them—that rule allows parties to ask that the other side produce documents and other types of evidence, like photographs. The plaintiff should communicate with opposing counsel, and request the documents and other items that he wants. He asks for "un-redacted documents," but does not specify what type of documents he seeks—he will need to tell opposing counsel exactly what he is asking for. If the plaintiff still does not have access to the un-redacted documents after

conferring with opposing counsel in a good-faith attempt to resolve the issue, he can file a motion to compel. The court will then conduct an *in camera review* of the documents to determine whether the plaintiff should have access to un-redacted copies of the documents. At this time, the court will deny the plaintiff's motion to appoint counsel.

The court **DENIES** without prejudice the plaintiff's motion to appoint counsel. Dkt. No. 23.

Dated in Milwaukee, Wisconsin this 14th day of August, 2017.

**BY THE COURT**

**HON. PAMELA PEPPER**
**United States District Judge**